[No. 7,307.—In Bank.]

## SCHMITT *v.* DUNN.

BOARD OF ELECTION COMMISSIONERS — REGISTRAR OF VOTERS — APPOINTMENT OF OFFICERS.—Under the Act of March 18th, 1878, "to regulate the registration of voters, etc., in the City and County of San Francisco," the Board of Election Commissioners has power to fix the number of clerical assistants to be employed by the Registrar; but the power of selecting and employing such assistants is vested in the Registrar.

ID. — ID. — ID. — ALLOWED — PROVIDED. — The meaning of these terms construed.

MANDAMUS to John P. Dunn, Auditor of the City and County of San Francisco, to compel him to allow a claim of the plaintiff, Henry Schmitt, for salary as clerk.

The plaintiff was appointed by the Board of Election Commissioners, under the act referred to in the opinion, as clerical assistant to the Registrar.

*W. T. Baggett, Thos. B. Bishop, Jos. P. Hoge, W. W. Cope, Frank G. Newlands,* and *C. R. Greathouse,* for the Plaintiff.

*W. H. L. Barnes,* for Respondent.

The Court:

In this cause the Court is unanimously of opinion that it is the duty and within the power of the Board of Election Commissioners, under the Act of the Legislature of March 18th, 1878, to determine what necessary clerical assistance the Registrar of Voters may require for the efficient discharge of his duties under the act; that the board has power to fix the number of clerical assistants to be employed by the Registrar for the purpose mentioned above, and to fix the rate of compensation to be paid to them; and the duty and power to select and employ such assistants under this act is vested in the Registrar; and that the board has no power or authority to select or employ any one of such assistants.

The Court is also of opinion that the clerks and other assistants mentioned in the 29th section of the act, "to be provided by the Board of Election Commissioners," are to be appointed by the board for the purposes indicated in that section.

The Court is further of the opinion that the Registrar, and not the board, has power to appoint the clerks mentioned in the third section of the act.

The writ of mandate is denied.