[No. 14008. In Bank. — March 31, 1891.]

## RAY G. FALK, PLAINTIFF, *v.* CHRISTIAN REIS, TREASURER OF THE CITY AND COUNTY OF SAN FRANCISCO, DEFENDANT.

SAN FRANCISCO — BOARD OF ELECTION COMMISSIONERS — APPOINTMENT OF AGENT AND ASSISTANTS — JURISDICTION. — The act of March 18, 1878 (Stats. 1877–78, p. 299), only authorizes the board of election commissioners of the city and county of San Francisco to appoint clerks or other persons to assist the registrar in ascertaining the correctness of the precinct registers and in correcting the same, and the board cannot appoint an agent or other assistants to advise it in the selection and appointment of precinct boards of registration and officers of election, nor for the purpose of scrutinizing the roll and detecting fraud in the registration, for its own information, and not as assistants to the registrar.

APPLICATION to the Supreme Court for a writ of *mandamus.* The facts are stated in the opinion of the court.

*Oliver P. Evans,* for Plaintiff.

*George Flournoy,* for Defendant.

DE HAVEN, J. — Application for a writ of mandate, commanding the defendant, as treasurer of the city and county of San Francisco, to pay to plaintiff certain audited demands held by him against said city and county. It appears from the petition that on September 6, 1886, the board of election commissioners for said city and county resolved " that an agent be and he is hereby employed and commissioned by the board of election commissioners of the city and county of San Francisco, with such clerical assistants as may be necessary, not to exceed fifteen clerks, to be appointed by this board, to take all necessary, active, and efficient measures to scrutinize the rolls, and to prevent frauds in the present registration for the coming general election, and for the purpose of enabling this board to discharge its duties in connection with the appointment of precinct boards

of registration satisfactorily.   Said agent shall detail a
sufficient number of clerks to assist the commission in
the discharge of its duty in selecting said precinct
boards, and that in this behalf the registrar is requested
to furnish him and his assistants such information and
facilities as will enable them properly to discharge their
duties."

On September 15, 1886, the said board, by resolution,
employed the plaintiff, and his assignor, Smith, and four-
teen others, " for the purpose of scrutinizing the roll and
detecting fraud in the present registration, and also to
assist and advise the present board of election commis-
sioners in the selection and appointment of precinct
boards of registration and officers in the general elec-
tion."

The defendant has demurred to the petition, and in
passing upon this it is necessary to determine whether
the board of election commissioners of the city and
county of San Francisco were authorized by the act of
March 18, 1878 (Stats. 1877–78, p. 299), to appoint
or employ petitioner and his assignor, Smith, to dis-
charge the duties named in the resolutions already re-
ferred to.   It is sufficient for the question in hand to
say that by section 6 of this act the said board is
required to pass upon such cases of alleged illegal regis-
tration upon precinct registers as may be brought before
it by the registrar of voters, and by section 29 the said
board must pass upon the action of the registrar in
either canceling names upon or adding other names to
the precinct registers received by him from the board of
precinct registration.   And under this section it may
also *appoint clerks or other assistants to the registrar* to en-
able him to ascertain the correctness of such precinct re-
gisters.   (*Schmitt* v. *Dunn*, 55 Cal. 651.)   The said board
is also empowered, by section 12 of the act under consid-
eration, to "select all election officers *provided for by law*
for said city and county; . . . . and if the list furnished

them by the registrar does not contain a sufficiency of names of respectable and fit persons for election officers, they must take measures to secure the names of proper persons."

The resolutions under which the petitioner and his assignor were appointed show that such appointments were not made to *assist the registrar* in the discharge of any of the duties imposed upon that officer by section 29, already referred to, nor is it claimed in the petition that any such assistance was in fact rendered by either of them; therefore their appointment cannot be considered as specially authorized by that section.

Section 33, which provides that " all provisions for carrying out the registration and election laws in said city and county of San Francisco shall be made by the board of election commissioners, and demands on the treasury authorized or allowed by them for such purposes shall have the same force and effect as if authorized and allowed by the board of supervisors," does not, so far as concerns the question with which we are now dealing, add anything to the powers given said commissioners by the preceding sections to which we have referred.

From this general reference to the powers conferred upon the board of election commissioners by the act of March 18, 1878, we think it very clear that no express authority is conferred by that act on said board to appoint an agent for the purpose named in the resolution first quoted, or to appoint any person or persons to advise or assist said board in the selection and appointment of any officers of election, or independently of the registrar to scrutinize the rolls and detect fraud in the registration. And we think it equally clear that no such authority is given to said board by implication as being incident to or appropriate to be exercised in connection with any of the express powers conferred upon such board. Undoubtedly the purpose of the statute under

consideration is, as stated by the attorney for petitioner and expressed in its title, " to regulate the registration of voters and to secure the purity of elections in the city and county of San Francisco "; but for the purpose of effecting this, the act itself makes minute provisions for the appointment of all officers contemplated by it as necessary for its enforcement, and for the employment of all clerks and other assistants to the officers named in it, and assigns to each officer his appropriate duties. By this assignment the registrar of voters has devolved upon him the duty to "constantly inform himself, by examination and inquiry, as to the condition of the precinct registers and the legality of the names therein, or demanding to be placed thereon, and shall see that none but legal voters are registered," and to enable him to discharge this duty, he is allowed a clerk, "and such other clerical assistance as shall be found necessary, . . . . to be allowed and authorized by the board of election commissioners of said city and county." (Act of March 18, 1878, sec. 3.) But these clerks are to be *appointed* by the registrar, and not by the board of election commissioners. (*Schmitt* v. *Dunn*, 55 Cal. 651.) If in the performance of this duty of making constant examination and inquiry into the proceedings touching registration the registrar shall "have reason to believe " that in any particular case a person has been improperly registered, he is required to cite such person before the board of election commissioners, and it then becomes the duty of such board to pass upon the case thus presented, and substantially the same duty is devolved upon the board in approving or disapproving the act of the registrar in canceling names upon or making additions to the precinct registers returned to him.

It would seem that the law, in assigning the duties mentioned to the registrar, does not contemplate that the board of election commissioners should also be charged with the same duty of making a general and vigilant

inquiry in relation to the matter of registration. Nor is it at all necessary that the board should have the authority to appoint persons to discharge the very duty which is plainly enjoined upon the registrar in order that such board may obtain information to enable it to properly dispose of cases brought before it by the registrar for decision. The law evidently intends that in a case thus brought to its attention the board shall act upon such appropriate evidence as may, upon the hearing, be submitted to it by the registrar and the other party to the proceeding.

It is also clear to us that the board had no implied authority to appoint the assignor of petitioner, and the other persons named in the resolution of September 15, 1886, to assist the board in the selection and appointment of precinct boards of registration and other officers for the general election. The duty of appointing such election officers is, by the act under consideration, devolved upon the board of election commissioners, and the board was not authorized, as an incident to this, if furnished by the registrar with a list of suitable names for such offices, to employ any person to advise it in relation to the proper performance of this duty. What measures the board would be authorized to take to secure the names of proper persons to serve in such positions, if the registrar should neglect to furnish the list of names of persons possessing the necessary qualifications as provided by section 11 of the act here construed, we need not consider, as it is not alleged that any such failure necessitated the action of the board now under review.

In *Falk* v. *Strother*, 84 Cal. 545, nothing was decided contrary to the conclusions announced here, the court in that case expressly saying: "Whether or not the payment of the demand could be prevented or enforced at any other stage of its history, is a question which does not arise here."

Demurrer to the petition sustained, and judgment for

the defendant, denying the application for the writ of
mandate asked for in petition.

Sharpstein, J., Harrison, J., Garoutte, J., McFar-
land, J., and Beatty, C. J., concurred.